Opinion issued February 19, 2009












In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-07-00145-CR
          01-07-00146-CR
____________

CHRISTOPHER WAYNE YELL Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court 
Harris County, Texas
Trial Court Cause Nos. 1055947 and 1021631



 
MEMORANDUM OPINION
          Appellant, Christopher Wayne Yell, pleaded guilty to the offense of burglary
of a habitation, in cause number 1021631. After a presentence hearing, the trial court
deferred a finding of guilt, placed appellant on community supervision for a period
of four years, and assessed a fine of $500. While on community supervision,
appellant was charged in cause number 1055947 with the new offense of aggravated
robbery.

          On October 6, 2006, appellant signed a written stipulation of evidence and
pleaded true to the allegations in the State’s motion to adjudicate guilt. On that same
date, appellant pleaded guilty to the offense of aggravated robbery. The trial court
withheld findings of guilt, ordered a presentence investigation report, and ordered the
presentence hearings for cause numbers 1021631 and 1055947 to be consolidated. 

          Following the presentence investigaton hearing, the trial court found appellant
guilty in cause number 1055947 of the offense of aggravated robbery and sentenced
appellant to confinement for 18 years. In trial court cause number 1021631, the trial
court granted the State’s motion to adjudicate, found appellant guilty of the offense
of burglary of a habitation, and sentenced appellant to confinement for 18 years. 

          Appellant’s counsel on appeal has filed a brief stating that the records present 
no reversible error, that the appeals are without merit and are frivolous, and that the
appeals must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App. 1978). 

          Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel’s brief, we agree that the appeals are frivolous and without merit
and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005). 

          We affirm the judgments of the trial court and grant counsel’s motion to
withdraw.


 Attorney Bob Wicoff must immediately send the notice required by
Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk
of this Court.

PER CURIAM

Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).